UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BURDELL VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 575 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, ERIC K. SHINSEKI, Secretary, and STEVEN L. KELLER, Chairman of the Board of Veterans' Appeals, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Burdell Vaughn filed this *pro se* lawsuit against the United States Department of Veterans Affairs; Eric Shinseki, who was the Department's Secretary when the suit commenced; and Steven Keller, the Acting Chairman of the Board of Veterans' Appeals, which is a component of the Department. Doc. 1. The jist of Vaughn's complaint is that the Department and the Board violated various statutes, regulations, and the Constitution in "refusing to process" his "disability appeal." *Id.* at 2. The Department and Shinseki (together, "the Department") moved to dismiss the suit under Federal Rule of Civil Procedure 12(b)(1). Doc. 25.

After the Department filed its motion, Vaughn filed five documents, titled "motion for summary judgment in part," Doc. 28, "amended motion for summary judgment in part," Doc. 29, "motion for leave to amend his motion for summary judgment that is requested (in part)," Doc. 30, "motion for leave to file a motion to reconsider, with a sworn affidavit, and a notice and proof of service," Doc. 33, and "motion to reconsider and set aside the court's order dated 6/29/2014 denying plaintiff's motion for leave, and the amended motion for summary judgment which was accompanied with an incomplete proof of service," Doc. 34. To the extent those

1

filings were styled as motions, the court denied them without prejudice for failure to comply with Local Rule 5.3(b), but construed them as responses to the motion to dismiss. Docs. 31, 36. After the Department filed its reply brief, Doc. 32, Vaughn filed a motion titled "leave to amend the complaint for declaratory judgment to conform to the facts thus far revealed by the court proceedings" and an accompanying memorandum. Docs. 37-38. The court denied that motion for failing to comply with Local Rule 5.3(b), but Vaughn's more recent filings, like the earlier filings, will be considered in resolving the Department's motion to dismiss.

The Department correctly argues the Veterans' Judicial Review Act ("VJRA") divests this court of jurisdiction over Vaughn's suit. The VJRA grants the Department exclusive jurisdiction over "all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). Vaughn's request for relief—that this court declare the Department's actions unlawful and instruct the Department to "immediately process and expedite" his appeal, Doc. 1 at 10—would require the court to resolve "questions of law and fact … that affect[] the provision of [Vaughn's] benefits," and thus is covered by the statute. Settled precedent holds the VJRA's "jurisdictional scheme precludes district courts from reviewing challenges to individual benefits decisions such as denials or *delays of benefits*." *Lewis v. Norton*, 355 F. App'x 69, 70 (7th Cir. 2009) (emphasis added) (citing *Mehrkens v. Blank*, 556 F.3d 865, 870 (8th Cir. 2009); *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000); *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997); *Marozsan v. United States*, 90 F.3d 1284, 1287 (7th Cir. 1996); *Hall v. U.S. Dep't of Veterans Affairs*, 85 F.3d 532, 534-35 (11th Cir. 1996); *Zuspann v. Brown*, 60 F.3d 1156, 1159-60 (5th Cir. 1995)). To the extent that Vaughn alleges the Department's delay violated his constitutional rights, the Seventh Circuit has held that

a "veteran may not circumvent [the VJRA's] jurisdictional limitations by cloaking a benefits claim in constitutional terms." *Karamartzis v. Hamilton*, 553 F. App'x 617, 619 (7th Cir. 2014); *see also Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1439 (7th Cir. 1996) (en banc); *Lewis*, 355 F. App'x at 69.

Vaughn nevertheless contends that jurisdiction is proper under the Tucker Act. Doc. 28 at 2; Doc. 29 at 2. The Tucker Act provides in relevant part that the "district courts shall have original jurisdiction … of … [a]ny … civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department." 28 U.S.C. § 1346(a)(2). The Tucker Act merely waives sovereign immunity and does not create any substantive rights. *See United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003); *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *Talley v. U.S. Dep't of Agric.*, 595 F.3d 754, 758-59 (7th Cir. 2010) ("the Tucker Act does not itself create any substantive obligation or mandate money damages as compensation for a violation of a substantive obligation"), *aff'd en banc by an equally divided court*, 2010 WL 5887796 (7th Cir. Oct. 1, 2010). Accordingly, to proceed under the Tucker Act, a plaintiff must identify a "source of substantive law" that "can fairly be interpreted as mandating compensation by the Federal Government for the damages [the plaintiff allegedly] sustained." *Mitchell*, 463 U.S. at 217; *see also United States v. Testan*, 424 U.S. 392, 400 (1976); *Talley*, 595 F.3d at 758-59.

Vaughn does not identify any law fitting this criterion. The laws he cites at most prescribe how the Department must operate; none allow for compensatory damages. It follows that Vaughn's suit cannot proceed under the Tucker Act. *See Smalls v. United States*, 87 Fed. Cl. 300, 305-06 (2009) (holding that the court lacked jurisdiction to hear the plaintiff's claims under

the Tucker Act, explaining that the VJRA required the plaintiff to pursue his claims through the Department). Indeed, Vaughn admits his "complaint seeks no money at all." Doc. 28 at 2. Accordingly, even if the laws he cites permitted monetary compensation, the Tucker Act still would not provide the relief he seeks. *See Lee v. Thornton*, 420 U.S. 139, 140 (1975) (per curiam) ("The Tucker Act empowers district courts to award damages but not to grant injunctive or declaratory relief."); *Talley*, 595 F.3d at 761 ("The Tucker Act allows money damages but not other forms of relief, such as injunctions and declaratory judgments.").

Vaughn's attempt to seek refuge in *Wojton v. United States*, 199 F. Supp. 2d 722 (S.D. Ohio 2002), fares no better. *Wojton* held that the VJRA applies only to the administration of veterans' benefits and not to negligence claims seeking damages for a Department doctor's alleged medical malpractice, reasoning that tort damages are not "benefits" under the VJRA and that the plaintiff's tort suit could proceed under the Federal Tort Claims Act. *Id*. at 724, 730-31. Because Vaughn does not allege any tort distinct from the allegedly improper handling of his benefits application, *Wojton* is inapposite here.

Vaughn also cites § 502 of the Administrative Procedures Act ("APA"), which provides in pertinent part that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702; *see* Doc. 1 at 1; Doc. 38 at 4. However, § 702 of the APA is subject to § 701(a)(1), which states that "[t]his chapter applies … except to the extent that … statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Because the VJRA "precludes judicial review" of Vaughn's suit, jurisdiction is not proper under the APA. *Beamon v. Brown*, 125 F.3d 965, 970 (6th Cir. 1997). Contrary to Vaughn's submission, *McCartin v. Norton*, 674 F.2d 1317 (9th Cir. 1982), does not warrant a different result. In *McCartin*, the defendants

"pointed to no statute that precludes judicial review of the personnel decision involved in this case," rendering § 701(a)(1) inapplicable. *See id*. at 1320. Here, by contrast, the Department has invoked the VJRA, thereby calling § 701(a)(1) into play.

Vaughn next cites the Declaratory Judgment Act, 28 U.S.C. § 2201. Doc. 38 at 4. But the Declaratory Judgment Act does not provide an independent source of federal jurisdiction; rather, it only expands the relief that federal courts may provide. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Lawline v. Am. Bar Ass'n*, 956 F.2d 1378, 1387 (7th Cir. 1992) ("The Declaratory Judgment Act does not provide subject matter jurisdiction.").

Federal question jurisdiction under 28 U.S.C. § 1331 is unavailable because that provision does not apply where "a more specific statutory provision conferring exclusive jurisdiction elsewhere." *Connors v. Amax Coal Co., Inc.*, 858 F.2d 1226, 1229-30 (7th Cir. 1988) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 (1983)). Here, the VJRA, a more specific statute, provides exclusive jurisdiction with the Department (including the Board), thereby preventing Vaughn's reliance on § 1331. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022-23 (9th Cir. 2012) (applying this principle to a case involving the VJRA).

The remaining statutes and regulations cited by Vaughn are not jurisdictional and therefore do not advance his cause. *See* 5 U.S.C. § 555 (describing procedures under the APA); 38 U.S.C. § 101 (defining terms for purposes of Title 38 of the United States Code); 38 U.S.C. §§ 301, 302, 303, 7101(a) (describing the Department's structure and organization); 38 U.S.C. § 5103 (prescribing how the Department administers claims); 38 C.F.R. § 20.1 (describing the procedures governing appeals to the Board of Veterans' Appeals); 38 C.F.R. § 20.101 (describing the Board's jurisdiction); 38 C.F.R. § 3.103(d) (describing the Board's procedures);

38 C.F.R. § 4.6 (prescribing how the Department should evaluate evidence). Vaughn also cites some Wisconsin laws in asserting that jurisdiction is proper. Doc. 37 at 2-3. Wisconsin law of course cannot grant federal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The remaining cases cited by Vaughn are equally unhelpful. Some do not address whether particular statutes create or oust federal jurisdiction. *See Gratz v. Bollinger*, 539 U.S. 244, 261-63 (2003) (addressing whether petitioners had standing to pursue their claim, not whether a statute conferred federal jurisdiction); *Butz v. Economou*, 438 U.S. 478, 494-516 (1978) (addressing immunity for federal officers); *Powell v. McCormack*, 395 U.S. 486 (1969) (addressing standing and mootness); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188 (2d Cir. 1994) (addressing non-jurisdictional questions). Other cases are inapposite. *See Steele v. Louisville & N.R.. Co.*, 323 U.S. 192, 198-205 (1944) (holding that the United States Supreme Court has jurisdiction to review a state supreme court decision resting on federal law); *Heineken Technical Servs., B.V. v. Darby*, 103 F. Supp. 2d 476, 478-79 (D. Mass. 2000) (holding that that the plaintiff's suit involved "substantial issues of federal patent law" for purposes of § 1331); *Livesay v. Principi*, 15 Vet. App. 165, 168 (2001) (holding that the Court of Appeals for Veterans Claims has jurisdiction to hear a disability appeal under 38 U.S.C. § 7252(a)); *Amador v. Derwinski*, 2 Vet. App. 499, 499 (1992) (same); *Roberts v. Derwinski*, 2 Vet. App. 387, 388 (1992) (same).

In his "motion for leave to amend his motion for summary judgment that is requested (in part)," which as noted above was denied without prejudice for failure to comply with Local Rule 5.3(b), Vaughn appears to seek to amend his complaint under Rule 15(a). Doc. 30. Vaughn asserts "defendants have admitted to the acts and or omissions charged against them by their

failure to deny the acts charged with respect to the matters concerning prejudicial deliberate harmful differential treatment." *Ibid*. This allegation does not exclude this case from the VJRA's jurisdictional bar. Defendants' supposed "admi[ssion] to the acts or omissions charged against them"—that they failed to timely process Vaughn's appeal—still goes only to the timely administration of veterans benefits, and thus is still covered by the VJRA's jurisdictional bar.

The VJRA recognizes four exceptions to the grant of exclusive jurisdiction to the Department. *See* 38 U.S.C. § 511(b)(1)-(4). The only exception that conceivably applies here is the one for "matters covered by chapter 72 of [Title 38 of the U.S. Code]." *Id*. § 511(b)(4). Under that chapter, veterans may appeal decisions of the Board, but § 7252(a) vests exclusive jurisdiction over those appeals in the Court of Appeals for Veterans Claims. Because the Board recently denied Vaughn's claim, Doc. 25-1, his exclusive avenue of review lies with the Court of Appeals for Veterans Claims. Indeed, shortly after the Department filed its Rule 12(b)(1) motion to dismiss, the court encouraged Vaughn to file a timely appeal with the Court of Appeals for Veterans Claims as protective measure due to the possibility that the motion might be granted. Doc. 27. The court thus was pleased to see Vaughn's suggestion that he planned to appeal the Board's decision to the Court of Appeals for Veterans Claims. Doc. 24 at ¶ 2.

For the foregoing reasons, the Defendants' motion is granted. Vaughn's suit is dismissed for want of jurisdiction, without prejudice to his pursuing his appeal before the Court of Appeals for Veterans Claims.

July 22, 2014

United States District Judge